FILED
2011 Apr-13  PM 01:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JEFF GREENE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  4:11-CV-81-VEH |
| | ) |
| **W. CLYDE MARSH, in his** | ) |
| **individual capacity,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   Introduction

Plaintiff Jeff Greene ("Mr. Greene") initiated this employment discrimination lawsuit arising under the Fourteenth Amendment of the United States Constitution against Defendant Alabama Department of Veteran Affairs (the "ADVA") on January 7, 2011.  (Doc. 1).  On February 28, 2001, Mr. Greene filed an amended complaint which substituted the Commissioner of the ADVA, W. Clyde Marsh ("Mr. Marsh"), in his individual capacity, for ADVA as the defendant.   Pending before the court is Mr. Marsh's  Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11) (the "Motion") filed on March 14, 2011.

The Motion is based upon several different grounds, including improper venue.

On March 13, 2011, the court entered an order directing the parties to brief the venue issue <u>only</u> and staying their Rule 26 obligations in the interim. (Doc. 13 at 1-2).

Mr. Greene filed his opposition (Doc. 15) to the Motion on April 4, 2011. On April 11, 2011, Mr. Marsh followed with his reply. (Doc. 16). Accordingly, the Motion is now under submission, and, for the reasons explained below, is due to be granted as modified, in the alternative, by Mr. Marsh's reply and is otherwise due to be denied.

II.   **Standard**

    A.   **28 U.S.C. § 1391**

When a case is premised upon federal question jurisdiction, the general federal venue statute provides:[1]

> **(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in <u>(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated</u>, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added).

---

[1] Neither side has suggested that a statute other than the general venue one applies here.

### B.   28 U.S.C. § 1406

Regarding improper venue, § 1406 provides in relevant part that:

**(a)**  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or <u>if it be in the interest of justice, transfer such case to any district or division in which it could have been brought</u>.

28 U.S.C. § 1406(a) (emphasis added).

### III.   Analysis

Mr. Greene makes no express allegations about venue in his complaint or his amended complaint. (*See generally* Docs. 1, 10). However, in his response to the Motion, he does contest the issue. (*See, e.g.*, Doc. 15 at 4 ("The following facts demonstrate proper venue.")).

Specifically, Mr. Greene, as substantiated by his affidavit, maintains that venue is appropriate in this district because he learned "about his hiring in Etowah County, Alabama[,]" "performed his duties in Etowah County, Alabama[,]" found out about "his termination in Etowah County, Alabama[,]" "requested due process in a conversation with his immediate supervisor in Etowah County Alabama[,]" and finally learned "in Etowah County Alabama, that his request for post-termination due process was denied." (Doc. 15 at 4; *see also* Doc. 15-1). In making this argument in favor of venue in the Northern District of Alabama, Mr. Greene cites to no underlying

3

legal support.

Alternatively, Mr. Greene counters that, in the event this court determines that venue is improper, the appropriate action for this court to take would be to transfer the case to the Middle District of Alabama rather than dismiss it. (Doc. 15 at 5). Mr. Marsh similarly replies that "[t]o the extent that this Court decides to transfer this action to another court in lieu of dismissal, *see* 28 U.S.C. § 1406(a), such transfer should be to the Northern Division of the United States District Court for the Middle District of Alabama, which is the location of Admiral Marsh's residence and his office, and where the alleged deprivations against Plaintiff occurred." (Doc. 16 at 3).

Therefore, while the parties are in agreement that venue is proper in the Middle District of Alabama, they disagree whether "a substantial part of the events or omissions giving rise to [Mr. Greene's procedural due process] claim occurred" in Etowah County such that this court is an acceptable venue in addition to the Middle District of Alabama. 28 U.S.C. § 1392(a)(2). In *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003), the Eleventh Circuit analyzed the meaning of this exact language from the standpoint of venue in a diversity case pursuant to § 1392(a)(2) and, in doing so, relied upon the Eighth Circuit's evaluation of this same terminology under § 1392(b)(2):

> The new language thus contemplates some cases in which venue

4

will be proper in two or more districts.  This does not mean, however, that the amended statute no longer emphasizes the importance of the place where the wrong has been committed.  Rather, the statute merely allows for additional play in the venue joints, reducing the degree of arbitrariness in close cases.  The statute's language is instructive: venue is proper in "a judicial district in which a *substantial part* of the *events or omissions giving rise to the claim occurred*."  8 U.S.C. § 1391(a)(2) (emphasis added).  Only the events that directly give rise to a claim are relevant.  And of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered.

In this vein, we approve of cases such as *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995).  In that case, the plaintiff, a designer and seller of semi-trailers under a <u>federally registered trademark</u>, asserted that the defendant was passing off trailers under an identical trademark.  The plaintiff sued in the state of his residency, Iowa, <u>even though he had no evidence of wrongdoing in that state</u>.  <u>The Eighth Circuit found that venue was improper, holding that "[t]he place where the alleged passing off occurred ... provides an obviously correct venue</u>."  *Id.* at 985.  <u>Importantly, the court noted that the statute protects defendants, and Congress therefore "meant to require courts to focus on relevant activities of the defendant, not of the plaintiff</u>."  *Id.*  When the plaintiff pointed to a host of facts tending to show a relationship between the defendant and Iowa, the plaintiff was rebuffed.  <u>Although the trailers were manufactured in Iowa and an agreement between the plaintiff and defendant was executed in Iowa, the court found that "[t]hese activities [had] an insubstantial connection with the kinds of events that give rise to a claim</u>."  *Id.*  The court conceded that "[i]t is true that manufacturing the trailers was a necessary event, in a causal sense, to an attempt to pass them off."  *Id.*  However, the court did not "think that [manufacturing] is an event giving rise to [the plaintiff's] claim because it was not itself wrongful."  *Id.* at 986.  <u>We think this analytical framework, which considered as relevant only those acts and omissions that have a close nexus to the wrong, is a good interpretation of a statute</u>.

*Bremer*, 321 F.3d at 1371-722 (emphasis by underlining added).

Based upon the Eleventh Circuit's venue ruling in *Bremer*, the court concludes that, to the extent that Mr. Greene has shown some nexus between his due process claim and Etowah County, Alabama, he has, nevertheless, failed to meet his burden of <u>substantially connecting Mr. Marsh's wrongful activities</u>, in allegedly committing a procedural due process violation against Mr. Greene, with Etowah County. Therefore, the court agrees with Mr. Marsh that venue is not proper in this jurisdiction. Accordingly, the court now turns to the merits of Mr. Greene's alternative position offered in opposition to the Motion.

In *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir. 1978),[2] the Eleventh Circuit summarized the scope of a district court's power to transfer a case pursuant to § 1406(a), as determined by the United States Supreme Court:

> Aguacate sought removal to Alabama from Georgia on the authority of 28 U.S.C. § 1406(a). In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962), <u>the Supreme Court approved transfer under § 1406(a) even if both proper venue and personal jurisdiction were lacking</u>. Finding that Congress enacted § 1406(a) to remove obstacles that impede expeditious and orderly adjudication, <u>the Court refused to limit transfers that comported with "the interest of justice" by imposing the nonstatutorily required barrier of personal jurisdiction</u>.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Deeprock*, 566 F.2d at 524 (emphasis added) (footnote omitted); *see also Goldlawr*, 369 U.S. at 466 ("The language of § 1406(a) is <u>amply broad enough to authorize</u> the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.") (emphasis added). Therefore, even in the absence of proper venue <u>and</u> personal jurisdiction, this court, pursuant to § 1406(a), has the power to transfer this case to such district and division in which venue would be proper and personal jurisdiction would exist if to do so would be "in the interest of justice." *Id.*

     Under the circumstances of this case, the court concludes that a transfer for lack of proper venue is appropriate as opposed to a dismissal as primarily requested by Mr. Marsh. In particular, the court observes that a transfer is the preferable measure to take because, in the event of a dismissal, Mr. Greene is concerned that "he would be unable to re-file his complaint within the statute of limitations." (Doc. 15 at 5). Additionally, Mr. Marsh has offered nothing in his briefing which suggests, much less persuades this court, how a transfer would not be in the interest of justice. Therefore, the court will grant Mr. Marsh's Motion as to the alternatively requested relief set forth in his reply and order a transfer of this lawsuit to a jurisdiction in which it could have been properly brought, *i.e.*, the Northern Division of the Middle

District of Alabama, which encompasses Montgomery, Alabama.[3]

## IV.  Conclusion

Accordingly, for the reasons explained above, the Motion, <u>as it pertains to venue only</u>, is due to be granted as stated herein and otherwise is due to be denied. The court will enter a separate order transferring this case to the Northern Division of the Middle District of Alabama pursuant to § 1406(a).

**DONE** and **ORDERED** this the 13th day of April, 2011.

                                                                     _/s/ VEHopkins_
                                                                     **VIRGINIA EMERSON HOPKINS**
                                                                     United States District Judge

---

[3]  The court takes judicial notice that Montgomery, Alabama, is located in Montgomery County, Alabama, and that Montgomery County is part of the Northern Division of the United States District Court for the Middle District of Alabama. *See* http://www.almd.uscourts.gov/courtdir/divisions.htm (accessed on Apr. 11, 2011).